UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ROBERT F. WATSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16CV21 ACL |
| | ) | |
| CHARLESTON, CITY OF, MO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00. *See* 28 U.S.C. § 1915(b). Additionally, the Court will direct plaintiff to file an amended complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a

complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action against the City of Charleston and Officer Zach Albright. Plaintiff alleges that Albright transported him to the Mississippi County Detention Center. Plaintiff was handcuffed in the back of the car. He says that when they arrived there, Albright took him out of the car and began choking him. He says Albright continued to put pressure on his throat until another officer came outside. Plaintiff says he was then taken to the booking area, where Albright began choking him again. He says that his neck is still hurt and that he has trouble swallowing food.

## Discussion

Plaintiff did not say whether he is suing defendant Albright in his "official" or "individual" capacity, or both. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain

2

any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted and is subject to summary dismissal.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. **Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint.** *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint that are not included in the amended complaint will be considered abandoned.** *Id.* **Plaintiff must allege how each and every defendant is directly responsible for the alleged harm. In order to sue defendant in his individual capacity, plaintiff must specifically say so in the complaint. If plaintiff fails to sue defendant in his individual capacity, this action may be subject to dismissal.**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within twenty-one (21) days from the date of this Order. If plaintiff fails to do so, the Court will dismiss this case without further proceedings.

Dated this 3rd day of March, 2016.

ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE