UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERT F. WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16CV21 ACL |
| | ) |
| CHARLESTON, CITY OF, MO, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's amended complaint. Upon review of the complaint under 28 U.S.C. § 1915(e), the Court finds that process should be issued on defendant Zach Albright and that the complaint should otherwise be dismissed.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action against the City of Charleston, the Charleston Police Department, and officer Zach Albright. Plaintiff sues Albright in his official and individual capacities. Plaintiff alleges that Albright choked him while he was in handcuffs.

## Discussion

The complaint is frivolous with regard to the City of Charleston and plaintiff's official-capacity claim. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, plaintiff's official-capacity claim and plaintiff's claim against the City of Charleston are dismissed.

Additionally, the complaint is frivolous as to the Charleston Police Department because police departments are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to serve process on defendant Zach Albright.

**IT IS FURTHER ORDERED** that defendants the City of Charleston and the Charleston Police Department are **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 29th day of March, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE