UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ROBERT FREDERICK WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:16 CV 21 ACL |
| ZACH ALBRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Robert Frederick Watson filed the instant action seeking monetary damages for alleged constitutional violations pursuant to 42 U.S.C. § 1983 that he claims occurred during the booking process at the Mississippi County Jail. Presently pending before the Court is Defendant's Motion to Dismiss. (Doc. 32.) Also pending are the following motions filed by Watson: Motion for Issuance of Subpoena (Doc. 26) and Motion to Appoint Counsel (Doc. 30). The Court will address the pending motions in turn, beginning with Watson's motions.

1. **Motion for Issuance of Subpoena**

In his Motion for Issuance of Subpoena, Watson requests video footage of the incident that occurred in the Mississippi Detention Center on December 24, 2015.

A subsequent filing, however, reveals that Respondent provided the requested video to Watson. (Doc. 33-1.) Thus, Watson's Motion will be denied as moot.

2. **Motion to Appoint Counsel**

The appointment of counsel in a civil case is governed by 28 U.S.C. § 1915 (d). It is within the district court's sound discretion whether to appoint counsel for those who cannot pay for an attorney under this provision. *See In re Lane*, 801 F.2d 1040, 1044 (8th Cir. 1986).

1

In determining whether a person who is indigent should be appointed counsel, the court should ascertain "whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984). In addition, the court should consider the factual complexity, the plaintiff's ability to investigate facts, the existence of conflicting testimony, the plaintiff's ability to present her claim, and the complexity of the legal issues. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991), *cert. denied*, 504 U.S. 930, 112 S. Ct. 1995, 118 L.Ed.2d 591 (1992).

After consideration of the above factors, the undersigned concludes that it is not necessary that counsel be appointed for Watson at this point in the litigation. The undersigned finds that Watson has clearly presented his claims against Defendant, and that it does not appear that "plaintiff as well as the court will benefit from the assistance of counsel." Thus, Watson's motion for appointment of counsel will be denied without prejudice. "Without prejudice" means that Watson may later ask for appointment of counsel if he feels it is necessary.

3.      **Defendant's Motion to Dismiss**

Defendant has filed a Motion to Dismiss this Action With Prejudice for Plaintiff's Violations of Court Orders. (Doc. 32.) Defendant notes that the Court granted Defendant's Motion to Compel in an Order dated August 26, 2016, and directed Watson to provide Defendant with his initial disclosures no later than September 6, 2016. (Doc. 31.) The Court also cautioned Watson that failure to comply with the Order may result in sanctions under Rule 37(b), including dismissal of Watson's Complaint.

Defendant states that Watson has not provided Defendant with "all documents that plaintiff believes mention, relate to, or in any way support plaintiff's claim" as directed by the

Case Management Order. (Doc. 19) Defendant states that Watson also has not provided Defendant with "a list, including address, of all persons having knowledge or information of the facts giving rise to Plaintiff's claim." *Id.* Instead, Defendant indicates that Defendant's counsel received a letter from Watson on August 26, 2016, stating that the only "disclosures" that he intends on using at trial is the video that was provided to him in Defendant's initial disclosures. (Doc. 33-1.) Defendant requests that the Court dismiss this action with prejudice as a sanction for Watson's violations of the Court's Order to provide Defendant with Plaintiff's initial disclosures.

Watson's *pro se* status does not excuse him from complying with the Federal Rules of Civil Procedure and the court's orders. *See Faretta v. California*, 422 U.S. 806, 934-35 n. 46 (1975) (pro se litigants must comply with relevant rules of procedure). A dismissal of an action is "an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Id.* at 405 (quoting *Givens v. A.H. Robins Co.,* 751 F.2d 261, 263 (8th Cir. 1984)). "This does not mean that the district court must find that the appellant acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" *Hunt v. City of Minneapolis, Minn.,* 203 F.3d 524, 527 (8th Cir. 2000).

In this case, the Court concludes that dismissing this action would be too extreme a sanction at this time. Watson responded to Defendant's discovery request by stating that the "only disclosures I plan on using are the ones you provided me with which is the video that was taken when I arrived in the sally port at the Mississippi County Jail." (Doc. 33-1.) Watson further states that he "signed the paper for you to release all my medical records to you regards

of this matter." *Id.* Watson's failure to provide initial disclosures appears to result from an incorrect belief that he is only required to provide evidence that he intends to use at trial.

Watson will, therefore, be given one more opportunity to properly comply with the Court's Order. No later than October 31, 2016, Watson must provide Defendant with "all documents that plaintiff believes mention, relate to, or in any way support plaintiff's claim" and "a list, including address, of all persons having knowledge or information of the facts giving rise to Plaintiff's claim." Watson should provide these documents even if he does not intend to use them at trial. Failure to comply with the Court's Order will result in sanctions under Rule 37(b), including the dismissal of Watson's Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Issuance of Subpoena (Doc. 26) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 30) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff shall provide Defendant with his initial disclosures as directed above in this Order **no later than 14 days from the date of this Order, which is October 31, 2016**. Failure to comply with this Order will result in the imposition of sanctions under Rule 37(b), including dismissal of Plaintiff's Complaint.

s/Abbie Crites-Leoni  
ABBIE CRITES-LEONI  
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of October, 2016.