UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ROBERT FREDERICK WATSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:16CV00021 ACL |
| ZACH ALBRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Robert Frederick Watson filed the instant action seeking monetary damages for alleged constitutional violations pursuant to 42 U.S.C. § 1983 that he claims occurred during the booking process at the Mississippi County Jail. Presently pending before the Court is Defendant Zach Albright's Second Motion to Dismiss This Action with Prejudice for Plaintiff's Continued Violations of Court Orders. (Doc. 38.) Also pending is Defendant Albright's Second Motion for an Extension of Time to File Dispositive Motions, in which Defendant requests a thirty-day extension of time to file dispositive motions in light of the pending Motion to Dismiss. (Doc. 40.)

Defendant notes that the Court granted Defendant's Motion to Compel in an Order dated August 26, 2016, and directed Watson to provide Defendant with his initial disclosures no later than September 6, 2016. (Doc. 31.) The Court also cautioned Watson that failure to comply with the Order may result in sanctions under Rule 37(b), including dismissal of Watson's Complaint.

1

On September 9, 2016, Defendant filed his first Motion to Dismiss, in which he stated that Plaintiff had not provided Defendant with "all documents that plaintiff believes mention, relate to, or in any way support plaintiff's claim" as directed by the Case Management Order. (Doc. 19) Watson also did not provide Defendant with "a list, including address, of all persons having knowledge or information of the facts giving rise to Plaintiff's claim." *Id.* Instead, Defendant's counsel received a letter from Watson on August 26, 2016, stating that the only "disclosures" that he intends on using at trial is the video that was provided to him in Defendant's initial disclosures. (Doc. 33-1.) Defendant requested that the Court dismiss this action with prejudice as a sanction for Watson's violations of the Court's Order to provide Defendant with Plaintiff's initial disclosures.

In an Order dated October 17, 2016, the Court found that Watson's failure to provide initial disclosures resulted from his incorrect belief that he was only required to provide evidence that he intended to use at trial. The Court, therefore, explained that Watson must provide Defendant with "all documents that plaintiff believes mention, relate to, or in any way support plaintiff's claim" and "a list, including address, of all persons having knowledge or information of the facts giving rise to Plaintiff's claim." The Court instructed Watson that he should provide these documents even if he does not intend to use them at trial. Watson was given until October 31, 2016, to provide the above-described documents. He was cautioned that the failure to comply with the Court's Order could result in sanctions under Rule 37(b), including the dismissal of Watson's Complaint.

On October 26, 2016, Watson filed a notice with the Court, in which he states as follows:

> In response to your letter requesting certain information and documents that I do not have. I send the Defendant everything I had plus I told the Defendant lawyer when we had our deposition that the video was my only documents so I have

> nothing to offer until I get someone to help me with this case. Now I send the Defendant all I had plus the video should support my claim.

(Doc. 37 at 1.)

Defendant then filed the instant Second Motion to Dismiss, in which he argues that the Court dismiss this action with prejudice as a sanction for Plaintiff's violations of the Court's Orders. (Doc. 38.) Defendant states that, although the first part of Watson's statement "suggests that the video is the only document in Plaintiff's possession relating to his claim," the subsequent portion of the statement "suggests that Plaintiff may have some additional documents relating to his claim, but that he is unable, or unwilling, to disclose those documents until he is assigned an attorney to represent him in this action." (Doc. 38 at 3.)

Watson's *pro se* status does not excuse him from complying with the Federal Rules of Civil Procedure and the court's orders. *See Faretta v. California*, 422 U.S. 806, 934-35 n. 46 (1975) (pro se litigants must comply with relevant rules of procedure). A dismissal of an action is "an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Id.* at 405 (quoting *Givens v. A.H. Robins Co.,* 751 F.2d 261, 263 (8th Cir. 1984)). "This does not mean that the district court must find that the appellant acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" *Hunt v. City of Minneapolis, Minn.,* 203 F.3d 524, 527 (8th Cir. 2000).

The Court will give Watson **one last opportunity to comply fully with the Court's Orders**. The Court is not appointing counsel for Watson. Watson is again directed to provide Defendant with "all documents that plaintiff believes mention, relate to, or in any way support plaintiff's claim," and "a list, including address, of all persons having knowledge or information of the facts giving rise to Plaintiff's claim." Watson should provide these documents even if he

does not intend to use them at trial.  **Failure to comply with the Court's Order will result in the dismissal of Watson's Complaint**.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall provide Defendant with his initial disclosures as directed above in this Order **no later than December 1, 2016**.  **Failure to comply with this Order will result in dismissal of Plaintiff's Complaint.**

**IT IS FURTHER ORDERED** that Defendant's Second Motion for an Extension of Time to File Dispositive Motions (Doc. 40) is **granted**.

**IT IS FURTHER ORDERED** that the deadline for filing any dispositive motion is extended to December 30, 2016.  Opposition briefs must be filed no later than January 30, 2017, and any reply brief must be filed no later than February 13, 2017.

*/s/ Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of November, 2016.