UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ROBERT FREDERICK WATSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:16CV00021 ACL |
| ZACH ALBRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Robert Frederick Watson filed the instant action seeking monetary damages for alleged constitutional violations pursuant to 42 U.S.C. § 1983 that he claims occurred during the booking process at the Mississippi County Jail. Presently pending before the Court is Defendant Zach Albright's Third Motion to Dismiss This Action with Prejudice for Plaintiff's Continued Violations of Court Orders. (Doc. 42.)

**Background**

On August 26, 2016, the Court granted Defendant's Motion to Compel, and directed Watson to provide Defendant with his initial disclosures no later than September 6, 2016. (Doc. 31.) The Court also cautioned Watson that failure to comply with the Order may result in sanctions under Rule 37(b), including dismissal of Watson's Complaint.

On September 22, 2016, Defendant filed his first Motion to Dismiss, in which he stated that Plaintiff had not provided Defendant with "all documents that plaintiff believes mention, relate to, or in any way support plaintiff's claim" as directed by the Case Management Order. (Doc. 32) Watson also did not provide Defendant with "a list, including address, of all persons

1

having knowledge or information of the facts giving rise to Plaintiff's claim." *Id.* Instead, Defendant's counsel received a letter from Watson stating that the only "disclosures" that he intends on using at trial is the video that was provided to him in Defendant's initial disclosures. (Doc. 33-1.) Defendant requested that the Court dismiss this action with prejudice as a sanction for Watson's violations of the Court's Order to provide Defendant with Plaintiff's initial disclosures.

In an Order dated October 17, 2016, the Court found that Watson's failure to provide initial disclosures appeared to result from his incorrect belief that he was only required to provide evidence that he intended to use at trial. (Doc. 36.) The Court, therefore, explained that Watson must provide Defendant with "all documents that plaintiff believes mention, relate to, or in any way support plaintiff's claim" and "a list, including address, of all persons having knowledge or information of the facts giving rise to Plaintiff's claim." *Id.* at 4. The Court instructed Watson that he should provide these documents even if he does not intend to use them at trial. Watson was given until October 31, 2016, to provide the above-described documents. He was cautioned that the failure to comply with the Court's Order could result in sanctions under Rule 37(b), including the dismissal of his Complaint.

On October 26, 2016, Watson filed a notice with the Court, in which he stated as follows:

> In response to your letter requesting certain information and documents that I do not have. I send the Defendant everything I had plus I told the Defendant lawyer when we had our deposition that the video was my only documents so I have nothing to offer until I get someone to help me with this case. Now I send the Defendant all I had plus the video should support my claim.

(Doc. 37 at 1.)

Defendant responded by filing a Second Motion to Dismiss, in which he requested that the Court dismiss this action with prejudice as a sanction for Plaintiff's violations of the Court's Orders. (Doc. 38.)

In an Order dated November 17, 2016, the Court informed Watson that counsel would not be appointed, and gave Watson one last opportunity to comply fully with the Court's Orders. (Doc. 41.) Watson was again directed to provide Defendant with "all documents that plaintiff believes mention, relate to, or in any way support plaintiff's claim," and "a list, including address, of all persons having knowledge or information of the facts giving rise to Plaintiff's claim." Watson was instructed to provide these documents even if he does not intend to use them at trial, and was cautioned that "**failure to comply with the Court's Order will result in the dismissal of Watson's Complaint**." *Id.* at 4.

## Discussion

In the instant Motion to Dismiss, Defendant states that Watson has still not provided Defendant with his initial disclosures. Specifically, Defendant contends that Watson has failed to provide a list, including addresses, of all persons having knowledge or information of the facts giving rise to his claim. Defendant argues that Watson has willfully disobeyed this Court's orders and requests that the Court dismiss the action pursuant to Federal Rule of Civil Procedure 37.

On January 6, 2017, Watson filed a letter in which he states as follows:

I Robert Watson (plaintiff), have found in my possession a document dated 6-1-16 and stamped Jun 06 2016, that states the name Will Doris and the address 200 Commercial St Charleston, MO 63834. Said document gives name and address of said witness, along with security camera. Therefore, I pray that this suffices court and defendant, and also shows that I have complied with courts order to provide said information. According to my knowledge, I have done all within my power and ability to comply with all request.

3

(Doc. 46.) In addition, Watson has filed two additional letters notifying the Court of changes to his address, as well as an additional request for the appointment of counsel. (Docs. 50, 51, 52.)

Rule 37(b)(2)(A), 37(d)(1)(A) and 37(d)(3) collectively grant the Court authority and discretion to impose sanctions for discovery abuses and pretrial order violations. Sanctionable behavior failing to serve answers, objections, or written responses to interrogatories. Fed.R.Civ.P. 37(d)(1)(A)(i), (ii); *see also Aziz v. Wright,* 34 F.3d 587, 589 (8th Cir. 1994). It is well established that a plaintiff's *pro se* status does not excuse him from complying with court orders and the Federal Rules of Civil Procedure, including the requirements of discovery. *Lindstedt v. City of Granby,* 238 F.3d 933, 937 (8th Cir. 2000) (per curiam); *Ackra Direct Marketing Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856 (8th Cir. 1996); *Brown v. Frey,* 806 F.2d 801, 804 (8th Cir. 1986).

Sanctions include dismissal of the action in whole or in part. Fed.R.Civ.P. 37(b)(2)(A)(v), (d)(3). A district court has wide latitude to impose sanctions under Rule 37(d). *See Hazen v. Pasley,* 768 F.2d 226, 229 (8th Cir. 1985); *see also Martin v. DaimlerChrysler Corp.,* 251 F.3d 691, 694 (8th Cir. 2001) ("When a litigant's conduct abuses the judicial process, dismissal of a lawsuit is a remedy within the inherent power of the court"); *Rodgers v. Curators of the Univ. of Mo.,* 135 F.3d 1216, 1222 (8th Cir. 1998) (affirming dismissal of action as discovery sanction after finding that any lesser sanction would have involved further delay or would have forced opposing party to try case without completing discovery). However, dismissal for failure to comply with discovery rules is an extreme sanction, reserved for willful or bad faith default. *Anderson v. Home Insurance Company,* 724 F.2d 82, 84 (8th Cir. 1984). The Eighth Circuit has determined that a deliberate default suffices, which includes failure to respond to discovery requests, and failure to provide information following a court order. *Id.*

In this case, Watson has attempted to comply fully with the Court's orders. Although Watson did not provide the names and addresses of witnesses in a list form, he has notified Defendants of the name and address of a witness to the incident at issue, and has otherwise provided Defendant with all the information in his possession related to his claim. Any technical deficiencies in Watson's filings appear to be related to his *pro se* status, rather than a willful disregard of the Court's orders. Watson has requested the assistance of counsel. The dismissal of Watson's Complaint under these circumstances would be inappropriate. Thus, the Court will deny Defendant's Motions to Dismiss.

Watson's Motion for Appointment of Counsel will be denied without prejudice at this time. Watson is cautioned that he must comply fully with the Federal Rules of Civil Procedure and this Court's orders. He may request the assistance of counsel at a later date if it becomes necessary.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motions to Dismiss (Docs. 32, 38, 42) are **denied**.

**IT IS FURTHER ORDERED** that Watson's Motion for Appointment of Counsel (Doc. 52) is **denied without prejudice**.

ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of March, 2017.